IN RE ESTATE OF ANNA C. KING.
NELLIE P. DOWNS ET AL., APPELLANTS, V. WILFORD MYERS, ADMINISTRATOR, APPELLEE.
272 N. W. 205

FILED MARCH 19, 1937. No. 29847.

*Will H. Thompson, Verne W. Vance* and *Chatt & Ellenberger,* for appellants.

*Hall, Young & Williams, contra.*

Heard before ROSE, DAY and PAINE, JJ., and TEWELL, CHAPPELL and YEAGER, District Judges.

ROSE, J.:

This controversy arose in the county court of Burt county

over items in the approved account of Wilford Myers, administrator of the estate of Anna C. King, deceased. Among many claims against the estate there was one in favor of Wilford Myers, not as administrator, but as an individual, for $1,037 for care and support of Anna C. King during a period of years. Another claim of a similar nature for $1,798 was filed by Anna Myers, wife of Wilford Myers. To the account allowing these claims in reduced amounts, objections were filed by Nellie P. Downs, Scevolia A. Myers and Charles W. Potter, heirs at law of decedent. The county court, in the exercise of jurisdiction to settle the estate, allowed the first claim to the extent of $500 and the second to the extent of $1,500. Afterward the administrator paid both. The three heirs named appealed to the district court from the approval of the final account containing the two items described, but later dismissed the appeal as to them.

In the district court on appeal, Will H. Thompson, trustee for Nellie P. Downs, Charles W. Potter and Scevolia A. Myers, three heirs at law, offered for the first time a claim for $900. The district court declined to entertain the appeal as to this 900-dollar item on the grounds that the trustee did not appeal from the judgment of the county court and that the general appeal of the aggrieved heirs, the beneficiaries of the trust, did not include their claim. From the judgment denying the relief sought by the trustee and the beneficiaries, they appealed to the supreme court.

Referring to the 900-dollar claim, there was an extended argument on the proposition that, contrary to the rulings in the district court, the trustee and beneficiaries were entitled to a hearing there and to a finding in their favor on the general appeal of the aggrieved heirs and that for the purposes of such relief a special appeal by the trustee was unnecessary. The position thus taken is based on decisions to the effect that such an appeal from the county court to the district court brings up the whole case. Opinions so holding are challenged by the administrator as inapplicable to the present inquiry, since the subject-matter was beyond

the county court in the exercise of its power to settle decedent's estate and not removable to the district court on appeal. If this position of the administrator is tenable, the relief sought by the trustee was properly denied, regardless of the reasons stated by the district court for its decision denying him relief. The solution of this problem involves the nature of the claim for $900. Was it within the original jurisdiction of the county court or within the appellate jurisdiction of the district court in the settlement of the estate of Anna C. King, deceased?

Wilford Myers and Anna Myers, February 6, 1931, signed a paper purporting to assign the allowed claims of $500 and $1,500 to Will H. Thompson, trustee for Nellie P. Downs, Charles W. Potter and Scevolia A. Myers. The assignment recited that it was nonnegotiable and given to secure payment of $900. If the trustee did not realize from the assignment payment in full, assignors promised to pay the deficiency. The assignment was executed after the account of the administrator was approved but before he paid the claims against the estate. The record of the county court disclosed the existence of the assignment, but the issue of its validity was never presented, considered or adjudicated there or elsewhere. If valid, it was in effect collateral security for a debt of $900 owing by the individuals, Wilford Myers and Anna Myers, to Thompson, trustee for the individuals named as heirs. It was argued by the trustee that a consideration for the assignment was the dismissal of the appeal to the district court as to the items assigned, but it is contended by assignors that there was in reality no appeal as to the assignment and that consequently there was no consideration for it. In any event assignors condemned the assignment as invalid. This controversy was not properly involved in the settlement of the estate. There is nothing in the record to show that Anna C. King in her lifetime was indebted to Thompson as trustee or to the beneficiaries of the trust. None of them filed a claim against her estate. Their claim was against the assignors individually, not against the estate which was in-

debted to Wilford Myers for $500 and to Anna Myers for $1,500, claims adjudicated in the county court in their favor. Since the claims were valid they did not interfere with any right of heirs or illegally diminish any inheritance. The dismissal of the appeal as to these items left the adjudication in full force. The acceptance of the assignment by assignee was a recognition of the indebtedness of the estate to assignors. The cases upon which the trustee relies are inapplicable. The estate should not be drawn into or burdened with an extraneous controversy like the one under consideration. The debt evidenced by the assignment was outside of jurisdiction to settle the estate and judicial power was not enlarged by appeal. For the settlement of estates a special tribunal was created by law. That forum is the county court. This was necessarily taken for granted in decisions to the effect that an appeal brings up the whole case, meaning subject-matters within the jurisdiction of the county court to settle estates. Litigable controversies outside of that jurisdiction are not cognizable therein nor in the district court on appeal. The conclusion is that the district court did not err in denying relief to the trustee, regardless of the reasons given for the decision below.

On the appeal by the heirs at law and on an appeal by the successor of Wilford Myers as administrator, other assignments of error were presented but are found upon examination of the record to be without merit.

There remains for consideration a cross-appeal by Wilford Myers, administrator. The county court charged him with $107.50, the purchase price of a barn sold at public auction. In the district court on appeal he was charged in addition to that sum $100 as the difference between the value of the barn and the sale price. The increase in this item is assailed as erroneous. On the evidence this point is well taken. The sale was authorized by the county court and was advertised. The barn was sold at public auction for $107.50. There was no evidence of fraud in the sale or proof that the administrator profited by the transaction. The evidence does not sustain the finding that its value was

$207.50 or any amount in excess of the sale price. There is evidence, however, that the value was $107.50. The charge of $207.50 is therefore reduced to $107.50. Error in other respects has not been found.

AFFIRMED AS MODIFIED.